UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD D. LAKE, as Trustee
of the Richard D. Lake Revocable
Living Trust Dated August 24,
2011,

      Plaintiff,

v.                                                  Case No. 2:20-cv-809-JLB-NPM

CHARLOTTE COUNTY BOARD OF
COUNTY COMMISSIONERS,

      Defendant.

## ORDER

Before the Court is Plaintiff's Motion to Quash Subpoenas (Doc. 43)[1], to which Defendant filed a response (Doc. 46). Plaintiff Richard D. Lake, as Trustee, seeks to quash subpoenas served on two non-parties, Cyndi Tarapani and Laura Rossi.[2] For the following reasons, the Court grants the motion.

---

[1] A motion to quash must be brought in the district where compliance is required. Fed. R. Civ. P. 45(c)(3). In this case, the subpoenas require compliance in Tallahassee, Florida, which is in the Northern District of Florida. Instead of requiring Lake to refile this motion in the appropriate District, the Court construes the motion to quash as a motion for protective order under Rule 26(c)(1), which may be brought where the action is pending.

[2] The subpoenas do not comply with Rule 45(c)(2)(A). They require compliance more than 100 miles from where the subpoenaed party resides. This issue may be raised by the recipients of the subpoenas.

The Trust owns three parcels of land in Charlotte County, Florida. (Doc. 40, ¶ 7). Richard Lake is the sole trustee of the Trust. (Doc. 40, ¶ 2). In sum, Lake as trustee sought to develop these parcels of land, but Charlotte County has prevented him from doing so. (Doc. 40, ¶¶ 12-62).

During the process to develop the properties, Lake hired land planner Cyndi Tarapani and professional engineer Laura Rossi. (Doc. 43, p. 1; Doc. 46, p. 2). Lake retained Tarapani and Rossi to testify as experts during a 2019 land-use hearing. (Doc. 43, p. 1). As a result, Lake's counsel exchanged numerous emails with Tarapani, Rossi, and Lake, which Lake claims contained counsel's work product relating to the strategy at the hearing and related matters. (Doc. 43, p. 2).

Charlotte County served Tarapani and Rossi with subpoenas for production of documents. From both Tarapani and Rossi, the County seeks: "Any communications between you and Richard Lake (or his agents) pertaining to the use, planning, or development of Parcel A, B, C and/or Lot 1." (Docs. 43-1, p. 16; 43-2, p. 6). Lake claims that these subpoenas seek work-product materials and should be quashed, citing Rules 26(b)(1) and 45(d)(3)(A)(iii).

Rule 26(b)(1) governs the scope of discovery. It permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ." The work-product doctrine

codified in Rule 26(b)(3) and (b)(4) provides, with limited exception,[3] that certain items generated "in anticipation of litigation" are protected from discovery. Moreover, work product containing "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation" (Fed. R. Civ. P. 26(b)(3)(B)) are rarely discoverable and enjoy "nearly absolute immunity." *Drummond Co., Inc. v. Conrad & Scherer, LLP*, 885 F.3d 1324, 1335 (11th Cir. 2018) (quoting *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994)).

Consistent with Rules 26 and 45, the parties agree Tarapani and Rossi may respond to the subpoenas and produce any nonprivileged communications and withhold or redact any privileged materials. (Doc. 43, p. 2; Doc. 46, p. 3). The dispute arises as to whether Tarapani and Rossi must produce a privilege log. In light of the overall circumstances surrounding these two subpoenas, rather than require Tarapani and Rossi to produce privilege logs of withheld or redacted materials, they may categorically withhold or redact privileged communications, and must provide a certification by both the subpoenaed party and Lake that none of the withheld or redacted documents were distributed to or reviewed by anyone other than Lake,

---

[3] Some exceptions under Rule 26(4)(C)(i)-(iii) pertain to protected communications between a party's attorney and any expert witness and do not protect communications related to: (1) compensation for the expert's study; (2) identifying facts or data the party's attorney provided the expert and the expert considered in forming her opinion; and (3) identifying assumptions the party's attorney provided the expert and the expert relied on to form an opinion.

Lake's counsel, Tarapani, Rossi, or their respective staffs. Alternatively, if the subpoenaed party or Lake refuse to provide such a certification, then the subpoenaed party must produce a privilege log in compliance with Rule 45(e)(2)(A)(i)-(ii).[4] *See also* Middle District Discovery (2021) at Section VI(A)(2)(b)(i).

Accordingly, the Motion to Quash Subpoena (Doc. 43), construed as a motion for protective order is **GRANTED**. By **June 23, 2021**, Cyndi Tarapani and Laura Rossi must comply with the subpoenas. They may redact or withhold materials based on the work-product doctrine and must include contemporaneously with the production either the certifications detailed in this Order or a privilege log.

**ORDERED** in Fort Myers, Florida on June 9, 2021.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

---

[4] Rule 45(e)(2)(A)(i)-(ii) provides:
>Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
>(i) expressly make the claim; and
>(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.